

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00057-CV
_____

IN THE INTEREST OF E.W., JR., S.W., A.W., M.W., AND A.W., CHILDREN

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 91221

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

On the petition of the Texas Department of Family and Protective Services, the trial court terminated the parental rights of Father to his children, E.W., Jr., S.W., A.W., M.W., and A.W.,[1] based on statutory grounds D and E and its finding that termination was in the best interests of the children.[2]  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E).  Father appeals the termination of his parental rights and asserts that the evidence was legally and factually insufficient to support the findings of the statutory grounds of termination.  Because legally and factually sufficient evidence supported termination of Father's parental rights under at least statutory ground D, we affirm the trial court's judgment.

## I.    Standard of Review

"The natural right existing between parents and their children is of constitutional dimensions."  *In re E.J.Z.*, 547 S.W.3d 339, 343 (Tex. App.—Texarkana 2018, no pet.) (quoting *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985)).  "Indeed, parents have a fundamental right to make decisions concerning 'the care, custody, and control of their children.'"  *Id.* (quoting *Troxel v. Granville*, 530 U.S. 57, 65 (2000)).  "Because the termination of parental rights implicates fundamental interests, a higher standard of proof—clear and convincing evidence—is required at trial."  *Id.* (quoting *In re A.B.*, 437 S.W.3d 498, 502 (Tex. 2014)).  "This Court is . . . required to 'engage in an exacting review of the entire record to determine if the evidence is . . . sufficient to support the termination of parental rights.'"  *Id.* (quoting *In re A.B.*, 437 S.W.3d at 500).

---

[1]In order to protect the privacy of the children, we refer to them by their initials and refer to their biological parents as Mother and Father.  *See* TEX. R. APP. P. 9.8(b)(2).

[2]Mother's parental rights to the children were also terminated, but she did not appeal.

"[I]nvoluntary termination statutes are strictly construed in favor of the parent." *Id.* (alteration in original) (quoting *In re S.K.A.*, 236 S.W.3d 875, 900 (Tex. App.—Texarkana 2007, pet. denied)).

"In order to terminate parental rights, the trial court must find, by clear and convincing evidence, that the parent has engaged in at least one statutory ground for termination and that termination is in the child[ren]'s best interest."[3] *Id.* (citing TEX. FAM. CODE ANN. § 161.001; *In re E.N.C.*, 384 S.W.3d 796, 798 (Tex. 2012)). "'Clear and convincing evidence' is that 'degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.'" *Id.* (quoting TEX. FAM. CODE ANN. § 101.007); *see In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009). "This standard of proof necessarily affects our review of the evidence." *Id.*

"In our legal sufficiency review, we consider all the evidence in the light most favorable to the findings to determine whether the fact-finder reasonably could have formed a firm belief or conviction that the grounds for termination were proven." *In re L.E.S.*, 471 S.W.3d 915, 920 (Tex. App.—Texarkana 2015, no pet.) (citing *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (per curiam); *In re J.L.B.*, 349 S.W.3d 836, 846 (Tex. App.—Texarkana 2011, no pet.)). "We assume the trial court, acting as fact-finder, resolved disputed facts in favor of the finding, if a reasonable fact-finder could do so, and disregarded evidence that the fact-finder could have reasonably disbelieved or the credibility of which reasonably could be doubted." *Id.* (citing *In re J.P.B.*, 180 S.W.3d at 573).

---

[3]Father does not challenge the trial court's finding that termination was in the best interest of the children.

"In our review of factual sufficiency, we give due consideration to evidence the trial court could have reasonably found to be clear and convincing." *Id.* (citing *In re H.R.M.*, 209 S.W.3d 105, 109 (Tex. 2006) (per curiam)). "We consider only that evidence the fact-finder reasonably could have found to be clear and convincing and determine '"whether the evidence is such that a fact[-]finder could reasonably form a firm belief or conviction about the truth of the . . . allegations."'" *Id.* (alteration in original) (quoting *In re H.R.M.*, 209 S.W.3d at 109); *In re J.F.C.*, 96 S.W.3d 256, 264, 266 (Tex. 2002). "If, in light of the entire record, the disputed evidence that a reasonable fact[-]finder could not have credited in favor of the finding is so significant that a fact[-]finder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.* (quoting *In re J.F.C.*, 96 S.W.3d at 266). "'[I]n making this determination,' we undertake '"an exacting review of the entire record with a healthy regard for the constitutional interests at stake."'" *Id.* (alteration in original) (quoting *In re A.B.*, 437 S.W.3d at 503). "We also recognize that the trial court, as the fact-finder, is the sole arbiter of a witness' demeanor and credibility, and it may believe all, part, or none of a witness' testimony." *In re A.M.*, No. 06-18-00012-CV, 2018 WL 3077784, at *3 (Tex. App.—Texarkana June 22, 2018, pet. denied) (mem. op.) (citing *In re H.R.M.*, 209 S.W.3d at 109).

## II. Sufficient Evidence Supports the Trial Court's Statutory Ground D Finding

### A. Statutory Ground D Requirements

Father asserts that the evidence was legally and factually insufficient to support the trial court's findings under statutory grounds D and E. "Only one predicate finding under Section 161.001[(b)](1) is necessary to support a judgment of termination when there is also a finding

4

that termination is in the child[ren]'s best interest."[4]  *In re O.R.F.*, 417 S.W.3d 24, 37 (Tex. App.—Texarkana 2013, pet. denied) (citing *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003)). "[W]hen the trial court finds more than one predicate ground for termination, we will affirm if any one ground is supported by sufficient evidence." *In re J.R.H.*, No. 06-18-00052-CV, 2018 WL 6625886, at *2 (Tex. App.—Texarkana Dec. 19, 2018, pet. denied) (mem. op.) (citing *In re K.W.*, 335 S.W.3d 767, 769 (Tex. App.—Texarkana 2011, no pet.)). "Even so, when the trial court[']s findings under grounds D or E are challenged on appeal, due process demands that we review the evidence supporting the findings under at least one of those grounds when they are challenged on appeal." *In re S.A.W.*, No. 06-21-00116-CV, 2022 WL 1193667, at *3 (Tex. App.—Texarkana Apr. 22, 2022, pet. denied) (mem. op.) (citing *In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam)). "This is because termination of parental rights under these grounds may implicate the parent's parental rights to other children." *Id.* (citing *In re N.G.*, 577 S.W.3d at 234; TEX. FAM. CODE ANN. § 161.001(b)(1)(M)).

"Termination under Ground D is proper when there is clear and convincing evidence that a parent has 'knowingly placed or knowingly allowed the child[ren] to remain in conditions or surroundings which endanger the physical or emotional well-being of the child[ren].'" *In re D.R.*, 631 S.W.3d 826, 833 (Tex. App.—Texarkana 2021, no pet.) (alteration in original) (quoting TEX. FAM. CODE ANN.§ 161.001(b)(1)(D)). "Under [Section 161.001(b)(1)(D)], we must examine the time before the children's removal to determine whether the environment itself posed a danger to the child[ren]'s physical or emotional well-being." *In re L.C.*, 145 S.W.3d

---

[4]Father does not challenge the trial court's best-interest finding.

790, 795 (Tex. App.—Texarkana 2004, no pet.). "A child is endangered when the environment creates a potential for danger that the parent is aware of, but disregards." *In re N.B.*, No. 06-12-00007-CV, 2013 WL 1605457, at *9 (Tex. App.—Texarkana May 8, 2012, no pet.) (mem. op.). "[S]ubsection (D) permits termination [of parental rights] based on a single act or omission [by the parent]." *In re L.C.*, 145 S.W.3d at 797; *In re A.B.*, 125 S.W.3d 769, 776 (Tex. App.—Texarkana 2003, pet. denied). "[A]busive or violent conduct by a parent or other resident of a child's home can produce an environment that endangers the physical or emotional well-being of a child." *In re B.E.T.*, No. 06-14-00069-CV, 2015 WL 495303, at *5 (Tex. App.—Texarkana Feb. 5, 2015, no pet.) (mem. op.) (quoting *In re B.R.*, 822 S.W.2d 103, 106 (Tex. App.—Tyler 1991, writ denied)). Further, "[i]t is beyond question that sexual abuse is conduct that endangers a child's physical or emotional well-being." *In re A.B.*, 125 S.W.3d at 775 (citing *In re R.G.*, 61 S.W.3d 661, 667 (Tex. App.—Waco 2001, no pet.), *disapproved on other grounds by In re J.F.C.*, 96 S.W.3d at 267 n.39). Also, the physical or emotional well-being of a child may be endangered even if the conduct is not directed at the child. *Tex. Dep't Hum. Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987).

### B. Analysis

In his brief, Father points out that the evidence showed that, after the children were removed from Mother's and his care, he was incarcerated for much of this case and had no control over where the children lived. He also notes that, after he was released from incarceration during the pendency of this case, the conditions of his community supervision prevented him from having any contact with his victim (who was one of the children) and

6

prevented him from having contact with the other children until permitted by his sex-offender treatment program. Because of this, he argues, the evidence shows that he had not knowingly placed or knowingly allowed the children to remain in conditions that endangered their physical or emotional well-being.

However, the relevant time under statutory ground (D) is before the children's removal, not afterward. *See In re L.C.*, 145 S.W.3d at 795. As Father acknowledges in his brief, the evidence showed that a referral was made to the Department after S.W. made an outcry of domestic violence against the children by Father and of sexual abuse of S.W. by Father. S.W. told the investigator that Father had punched E.W., Jr., in his face and that he had hit her on her jaw and twisted her arm. Mother also reported multiple acts of physical violence by Father against her, including one instance in which he broke her jaw. During the investigation, S.W. made a detailed outcry of sexual abuse by Father. The evidence also showed that, after the children were removed, they made additional outcries of sexual abuse against Father, including one made by E.W., Jr.[5]

Father was arrested and charged with the sexual assault of S.W. Although Father claimed during trial that he was innocent of those charges, he admitted (1) that he pled guilty to sexual assault of a child, (2) that the victim was one of his children, and (3) that, as a result, he was registered as a sex offender. In addition, the evidence showed that S.W. was in a facility that provided counseling and therapy to address the trauma caused by Father's actions.

---

[5]Father testified at trial that he had not seen the children in "almost a year . . . since July." The trial was held on June 20, 2023, and the children were removed on July 22, 2022. Therefore, those instances of sexual abuse must have occurred before removal.

This evidence shows that Father had committed multiple acts of physical and sexual abuse against his children and physically abused Mother while the children were residing with him. It is well-established that such acts against members of a "child's [household] can produce an environment that endangers the physical and emotional well-being of [the] child, even if she is not the recipient of the abuse." *In re B.E.T.*, 2015 WL 495303, at *5; *see In re A.B.*, 125 S.W.3d at 775; *In re R.M.V.*, No. 10-11-00298-CV, 2012 WL 4761580, at *12 (Tex. App.—Waco Oct. 4, 2012, pet. denied) (mem. op.). Further, "[a] child is endangered when the environment creates a potential for danger that the parent is aware of, but disregards." *In re N.B.*, 2013 WL 1605457, at *9. In this case, Father was not only aware of the potential for danger to the children, he produced the endangering environment by his actions. Based on this record, we find that the evidence was legally and factually sufficient to support the trial court's finding under statutory ground D. We overrule this issue.[6]

## III. Conclusion

For the reasons stated, we affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted: November 2, 2023
Date Decided: November 3, 2023

---

[6]Because only one predicate finding will support termination of Father's parental rights and because our conclusion that sufficient evidence supports the trial court's finding under statutory ground D alleviates any due process concerns, we need not address Father's other issue.